Hely, J.
I. Introduction
The Town of Marshfield’s prior motion for summary judgment was denied without a hearing apparently on the basis of the Appeals Court decision in Brum v. Dartmouth, 44 Mass.App.Ct. 318 (1998). The Town’s motion to reconsider was likewise denied. Thereafter the Supreme Judicial Court overruled the Appeals Court in Brum. Brum v. Dartmouth, 428 Mass. 684 (1999). The Supreme Judicial Court’s decision forms the basis for the Town’s renewed motion for summary judgment. The plaintiffs have also moved for summary judgment. The plaintiffs and the Town have submitted an agreed statement of facts for purposes of the summary judgment motions.
The Town is entitled to judgment as a matter of law based on the limited statutory exclusion from negligence liability in Section 10(j) of the State Tort Claims Act.
II. Agreed Facts
Harley, a large dog, attacked the plaintiff Dianne Moores on June 18, 1996. The dog inflicted a permanent disfigurement and disability on Ms. Moores. The defendants Michael Callahan and Joan Cincotta owned Harley.
*744 Harley’s attack on Ms. Moores occurred on the Callahan and Cincotta premises in Marshfield while the plaintiff was measuring their tennis court for a seal coating. The plaintiff was on the premises at the invitation of Mr. Callahan.
Before Harley’s attack on Ms. Moores, the Board of Selectmen and the Town’s Animal Control Officer were aware of at least six other incidents in which Harley had bitten someone on or around the premises. On March 23, 1992, after learning of three attacks on persons by Harley, the Board issued a restraining order requiring that Harley be permanently restrained and that a pen with a cement base and a chain link fence be constructed at the premises. On October 1, 1992, the Animal Control Officer found Harley outside his owners’ property and not under the owners* immediate care. The officer took control of Harley and impounded him in the Town pound. Later that day the officer returned the dog to Ms. Cincotta. The officer was aware of Harley’s propensity for violent behavior and of the active restraining order.
Six days after the 1996 attack on Ms. Moores, the Board of Selectmen ordered that Harley be killed. See G.L.c. 140, sec. 158.
III. Summary Judgment Rulings
The First Amended Complaint alleges that the Town breached a duly of care owed to the plaintiff Moores regarding Harley and thereby caused her injuries. The First Amended Complaint alleges that the Town “had not only failed to take proper action to prevent Harley’s attacks on innocent victims, it negligently and/or recklessly put Harley in a position where it was foreseeable Harley would attack innocent victims.”
A negligence claim against a municipality in these circumstances is limited to an action under the State Tort Claims Act, G.L.c. 258. The Town relies on the exclusion in Section 10(j) of the Act. This exclusion states that the Act’s provisions shall not apply to “any claim based on an act or failure to act to prevent or diminish the harmful consequences of a condition or situation, including the violent or tortious conduct of a third person, which is not originally caused by the public employer or any other person acting in behalf of the public employer.”[1]
The plaintiffs claim against the Town in this case fits within the Section 10(j) exclusion language as a “claim based on an act or failure to act to prevent or diminish the harmful consequences of a condition or situation.” The Town is immune under Section 10(j) from such claims “except where ‘the condition or situation’ was ‘originally caused by the public employer.’ ” Brum, 428 Mass. at 692.
The negligent conduct by the Town alleged in the First Amended Complaint was the return of Harley to his owner on October 1, 1992, after he was found at large in violation of the restraint order, the “failure to prevent Harley’s attacks on innocent victims,” and “negligently and/or recklessly putting] Harley in a position where it was foreseeable Harley would attack innocent victims.” Contrary to the plaintiffs’ argument, the condition which led to the attack on Ms. Moores was Harley’s vicious disposition and the owners’ keeping of Harley on their premises. The Town’s officer’s return of Harley to the owners after his 1992 escape may have perpetuated the dangerous condition, but it was not the original cause of the condition. This alleged negligence by the Marshfield officer was no more the original cause of Harley’s attack on Ms. Moores than the alleged neglect by the Dartmouth school officials was the original cause of Karter Reed’s stabbing of Ms. Brum’s son in the Brum case.
As in Brum, the Marshfield officials “might have prevented the . . . [attack] but failing to prevent, under the statute, is in the excluded category.” Brum, 428 Mass. at. 693. Otherwise practically every failure to prevent might be recast as originally causing the dangerous condition, and the exception would swallow the rule. Id.
It should further be noted that the Town’s alleged negligence in this case is not the equivalent of the parole officer’s alleged negligence in recommending the assailant for employment at a trailer park in Bonnie W. v. Commonwealth, 419 Mass. 122 (1994). As the court pointed out in Brum, the parole officer’s job recommendation in Bonnie W. “was an affirmative act on the part of the officer that created a situation in which a sexual predator held a job giving him access to the keys to every trailer in the park.” Brum, 428 Mass. at 695. The Town officer in this case simply returned Harley to owners, thus restoring the pre-ex-isting dangerous condition-. Unlike the situation in Bonnie W., the Town did not affirmatively place Harley in a more dangerous position outside of his prior place of confinement where he would present a special, higher risk of injury to members of the public.
On the basis of the Section 10(J) exclusion, the Town is entitled to judgment as a matter of law. Counsel for the plaintiffs and the Town are to be commended for their careful and concise motions and legal arguments addressing this difficult issue.
IV. Order
The Plaintiffs’ Motion for Summary Judgment Against the Town of Marshfield is denied.
The Town of Marshfield’s Renewed Motion for Summary Judgment is allowed, and summary judgment will enter for the Town.

 There are statutory exceptions to the Section 10(j) exclusion, but they have no applicability to this case. The plaintiffs do not contend otherwise.